Robert P. Spretnak, Esq. (Bar No. 5135)
Bob@Spretnak.com
LAW OFFICES OF ROBERT P. SPRETNAK
8275 S. Eastern Avenue, Suite 200
Las Vegas, Nevada 89123
Telephone: (702) 454-4900
Fax: (702) 938-1055

John P. Fuller, Esquire, *pro hac vice pending*
jpf@fullerfuller.com
Thomas B. Bacon, Esquire, *pro hac vice pending*
tbb@fullerfuller.com
FULLER, FULLER & ASSOCIATES, P.A.
12000 Biscayne Boulevard, Suite 609
North Miami, Florida 33181
Telephone: (305) 891-5199
Fax: (305) 893-9505

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

ACCESS 4 ALL, INC., a Florida not for profit  )
corporation, and PETER SPALLUTO,              )
Individually,                                 )
                                              )
            Plaintiff,                        )   Case No.: 2:06-cv-1378
vs.                                           )
                                              )   **COMPLAINT**
JERZY KOSLA AND CELINA KOSLA,                 )
husband and wife as joint tenants,            )
d/b/a Travelodge Ambassador Strip Inn,        )
                                              )
            Defendants.                       )
_____ )

Plaintiffs, ACCESS 4 ALL, INC., a Florida not for profit corporation, and PETER SPALLUTO, Individually, on their behalf and on behalf of all other individuals similarly situated, (sometimes referred to as "Plaintiff" or "Plaintiffs"), hereby sue the Defendants, JERZY KOSLA and CELINA KOSLA, husband and wife as joint tenants, (sometimes referred to as "Defendants), for Injunctive Relief, and attorney's fees, litigation expenses, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. ("ADA").

1. Plaintiff, Peter Spalluto, is an individual residing in Pompano Beach, FL, in the County of Broward.

2. Plaintiff, ACCESS 4 ALL, INC., is a non-profit corporation formed under the laws of the

1    State of Florida. ACCESS 4 ALL, INC. maintains its principal office at 3200 N. Palm Aire

2    Dr., #505, Pompano Beach, FL 33069, in the County of Broward.

3.    Defendants' property, Travelodge Ambassador Strip Inn, is located at 5075 Koval Lane, Hwy 15 Exit Tropicana Rd., Las Vegas, NV 89119, in the County of Clark.

4.    Venue is properly located in the District of Nevada because venue lies in the judicial district of the property situs. The Defendants' property is located in and does business within this judicial district.

5.    Pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343, this Court has been given original jurisdiction over actions which arise from the Defendants' violations of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. See also 28 U.S.C. § 2201 and § 2202.

6.    Plaintiff Peter Spalluto is a Florida resident, is sui juris, and qualifies as an individual with disabilities as defined by the ADA. Peter Spalluto has visited the property which forms the basis of this lawsuit and plans to return to the property to avail himself of the goods and services offered to the public at the property. The Plaintiff has encountered architectural barriers at the subject property. The barriers to access at the property have endangered his safety. The Plaintiff is also a member of the Plaintiff organization, ACCESS 4 ALL, INC., discussed below in paragraph 7.

7.    Plaintiff ACCESS 4 ALL, INC., is a non-profit Florida corporation. Members of this organization include individuals with disabilities as defined by the ADA, and are representative of a cross-section of the disabilities to be protected from discrimination by the ADA. The purpose of this organization is to represent the interest of its members by assuring places of public accommodation are accessible to and usable by the disabled and that its members are not discriminated against because of their disabilities. ACCESS 4 ALL, INC. and its members have suffered and will continue to suffer direct and indirect injury as a result of the Defendants' discrimination until the Defendants is compelled to comply with the requirements of the ADA. One or more of its members has suffered an injury that would allow it to bring suit in its own right. ACCESS 4 ALL, INC. has also been discriminated

1  against because of its association with its disabled members and their claims.

2  8. Defendants own, lease, lease to, or operate a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201(a) and 36.104. Defendants are responsible for complying with the obligations of the ADA. The place of public accommodation that the Defendants own, operate, lease or lease to is known as Travelodge Ambassador Strip Inn, and is located at 5075 Koval Lane, Hwy 15 Exit Tropicana Rd., Las Vegas, NV 89119.

9. ACCESS 4 ALL, INC. and Peter Spalluto have a realistic, credible, existing and continuing threat of discrimination from the Defendants' non-compliance with the ADA with respect to this property as described but not necessarily limited to the allegations in paragraph 11 of this complaint. Plaintiffs have reasonable grounds to believe that they will continue to be subjected to discrimination in violation of the ADA by the Defendants. Peter Spalluto desires to visit Travelodge Ambassador Strip Inn not only to avail himself of the goods and services available at the property but to assure himself that this property is in compliance with the ADA so that he and others similarly situated will have full and equal enjoyment of the property without fear of discrimination.

10. The Defendants have discriminated against the individual Plaintiff and members of the corporate Plaintiff organization by denying them access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the buildings, as prohibited by 42 U.S.C. § 12182 et seq.

11. The Defendants have discriminated, and is continuing to discriminate, against the Plaintiff in violation of the ADA by failing to, inter alia, have accessible facilities by January 26, 1992 (or January 26, 1993, if Defendants has 10 or fewer employees and gross receipts of $500,000 or less). A preliminary inspection of Travelodge Ambassador Strip Inn has shown that violations exist. These violations include, but are not limited to:

**Parking and Passenger Loading**

A. The accessible parking spaces, including van spaces, are not at least 96 inches wide with a demarcated access aisle violating section 4.6.3 of the ADA standards.

1    B.    The required number of accessible parking spaces complying with sections 4.1.2(5) & 4.6 of the ADA standards is not provided.

2

3    C.    There is no accessible route leading to an entrance violating sections 4.6.3 & 4.3.2 of the ADA standards.

4 **Accessible Routes**

5    A.    There is no accessible route within the boundary of the site linking an accessible building entrance with public transportation stops, passenger loading zones, accessible parking, public streets, or sidewalks violating sections 4.1.2(1) & 4.3.2(1) of the ADA standards.

6

7    B.    There are interior and exterior doorways which violate section 4.13 of the ADA standards.

8    C.    There are curb ramps which are not compliant violating section 4.7 of the ADA standards.

9 **Access to Goods and Services**

10    A.    There are counters in excess of 36" high violating section 7.2 of the ADA standards.

11 **Accessible Guest Rooms**

12    A.    The property lacks a sufficient number of accessible sleeping rooms or suites violating section 9.1.2 of the ADA standards.

13

14    B.    The property lacks sufficient notification devices for individuals with hearing impairments violating sections 9.2.2(8), 9.1.3, & 9.3 of the ADA standards.

15    C.    The disabled use rooms are not dispersed among the various classes of sleeping accommodations violating section 9.1.4 of the ADA standards.

16

17    D.    The rooms for disabled use do not provide a compliant roll-in shower violating sections 9.1.2, 4.21 and Figure 57(a) or 57 (b) of the ADA standards.

18    E.    The rooms for disabled use do not provide a compliant bathtub violating sections 9.2.2 & 4.20 of the ADA standards.

19

20    F.    The lavatories do not comply with sections 4.22.6 & 4.19 of the ADA standards.

21    G.    There are water closets which do not comply with sections 4.22.4 & 4.16 of the ADA standards.

22    H.    An accessible route does not connect all accessible spaces and elements within the accessible units violating sections 4.3 & 9.2.2(2) of the ADA standards.

23

24    I.    There are controls and operating mechanisms which are not operable with one hand and/or require tight grasping, pinching, or twisting of the wrist to operate violating section 4.27.4 of the ADA standards.

25

26    12.    The discriminatory violations described in paragraph 11 are not an exclusive list of the

27           Defendants' ADA violations. Plaintiffs require the inspection of the Defendants' place of

28           public accommodation in order to photograph and measure all of the discriminatory acts

       violating the ADA and all of the barriers to access. The individual Plaintiff, the members of the Plaintiff group, and all other individuals similarly situated, have been denied access to, and have been denied the benefits of services, programs and activities of the Defendants' buildings and its facilities, and have otherwise been discriminated against and damaged by the Defendants because of the Defendants' ADA violations, as set forth above. The individual Plaintiff, the members of the Plaintiff group and all others similarly situated will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, the Plaintiff requires an inspection of the Defendants' place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

13. Defendants have discriminated against the individual and corporate Plaintiffs by denying them access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of its place of public accommodation or commercial facility in violation of 42 U.S.C. § 12181 et seq. and 28 CFR 36.302 et seq. Furthermore, the Defendant continue to discriminate against the Plaintiff, and all those similarly situated by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

14. Plaintiffs are without adequate remedy at law and are suffering irreparable harm. Plaintiffs have retained the undersigned counsel and are entitled to recover attorney's fees, costs and litigation expenses from the Defendants pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

15. Defendants are required to remove the existing architectural barriers to the physically disabled when such removal is readily achievable for its place of public accommodation that has existed prior to January 26, 1992, 28 CFR 36.304(a); in the alternative, if there has been

an alteration to Defendants' place of public accommodation since January 26, 1992, then the Defendants are required to ensure to the maximum extent feasible, that the altered portions of the facility are readily accessible to and useable by individuals with disabilities, including individuals who use wheelchairs, 28 CFR 36.402; and finally, if the Defendants' facility is one which was designed and constructed for first occupancy subsequent to January 26, 1993, as defined in 28 CFR 36.401, then the Defendants' facility must be readily accessible to and useable by individuals with disabilities as defined by the ADA.

16. Notice to Defendants are not required as a result of the Defendants' failure to cure the violations by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less). All other conditions precedent have been met by Plaintiffs or waived by the Defendants.

17. Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiffs Injunctive Relief, including an order to require the Defendants to alter Travelodge Ambassador Strip Inn to make those facilities readily accessible and useable to the Plaintiffs and all other persons with disabilities as defined by the ADA; or by closing the facility until such time as the Defendants cures its violations of the ADA.

**WHEREFORE,** Plaintiffs respectfully request:

    a. The Court issue a Declaratory Judgment that determines that the Defendants at the commencement of the subject lawsuit is in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq.

    b. Injunctive relief against the Defendants including an order to make all readily achievable alterations to the facility; or to make such facility readily accessible to and usable by individuals with disabilities to the extent required by the ADA; and to require the Defendants to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such stops that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise

1 treated differently than other individuals because of the absence of auxiliary aids and
2 services.
3    c. An award of attorney's fees, costs and litigation expenses pursuant to 42 U.S.C.
4 § 12205.
5    d. Such other relief as the Court deems just and proper, and/or is allowable under
6 Title III of the Americans with Disabilities Act.

Respectfully Submitted,

FULLER, FULLER & ASSOCIATES, P.A.

John P. Fuller, Esq., *pro hac vice pending*
Thomas B. Bacon, Esq., *pro hac vice pending*

12000 Biscayne Blvd., Suite 609
North Miami, FL 33181

and

LAW OFFICES OF ROBERT P. SPRETNAK

By: /s/ Robert P. Spretnak
    Robert P. Spretnak, Esq. (Bar No. 5135)

8275 S. Eastern Avenue, Suite 200
Las Vegas, Nevada 89123

Attorneys for Plaintiffs